UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM COLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-1772-GMB |
| | ) | |
| ANDREW M. SAUL,[1] Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 23, 2015, Plaintiff William Colley filed an application for disability insurance benefits and supplemental security income. His alleged disability onset date is July 9, 2014. Colley's application for benefits was denied at the initial administrative level. Colley then requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Bruce W. MacKenzie held a hearing on August 29, 2017 and denied Colley's claims on December 5, 2017. Colley requested a review of the ALJ's decision by the Appeals Council, which declined review on September 7, 2018. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 5, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is substituted for Nancy Berryhill as the proper defendant in this case.

September 7, 2018.

Colley's case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED to the ALJ for proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the

court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the

Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Taylor bears the burden of proving that he is disabled, and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform her former occupation?
(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. FACTUAL BACKGROUND

William Colley was 54 years old at the time of the ALJ's decision. R. 34. Colley lives with his mother at her house in Birmingham, Alabama. R. 35. His primary complaints are back and knee pain. Doc. 11 at 7. In his disability report, he alleges that HBP, digestive disorder, cirrhosis of liver, hepatitis C, psoriasis, a broken right leg and ankle, complete reconstruction of the right arm, multiple broken ribs, a broken right hand, a broken jaw, a broken right collarbone, and multiple motorcycle injuries prevent him from working. R. 172.

Colley obtained his GED. R. 33. He has attended several classes on truck transmissions. R. 58. In the past, he worked on and off as a mechanic. R. 37−40. He has worked for auto shops and for himself. R. 37−41. Colley has done a variety

of mechanic work, from fixing diesel trucks to rehabbing transmissions to repairing engines and car bumpers. R. 37−39. A vocational expert ("VE") determined that this past work fell into three different categories: (1) diesel truck mechanic performed at the heavy and skilled level, (2) general motor vehicle mechanic performed at the heavy and skilled level, and (3) transmission mechanic performed at the heavy and skilled level. R. 57. Colley last worked on July 1, 2014. R. 173.

The ALJ held a hearing in Colley's case on August 29, 2017. R. 30. At the hearing, Colley testified that his knees and back render him disabled. R. 43 & 48. Although he had knee surgery a few years ago, Colley explained that the surgery merely switched the pain from one spot in his knee to another. R. 43. Colley also testified that he uses a cane to prevent his knees from buckling. R. 47. He shared that he has arthritis and three stress fractures in his back. R. 43. He informed the ALJ that he has seen a chiropractor in an attempt to get relief from his lower back pain. R. 44. Colley also reported that pain radiates from his knee all the way to his neck. R. 48. He described the pain as constant, dull, and throbbing. R. 48. His knees always hurt. R. 48. Colley explained that if he steps "wrong," he experiences a shooting extreme pain. R. 48. And if he stays on his feet for too long, his knee will swell. R. 49. When the ALJ asked him to clarify whether the pain was an "off and on thing," Colley reiterated that he "hurts all day, every day." R. 49. He can carry only two bags of groceries and walk about a block before the pain wears him down.

R. 55.  He stands on his feet for no more than two to three hours a day in total.

R. 55.  Colley testified that he can be on his feet for up to one hour before the pain

requires him to sit down. R. 54.

During the hearing, the ALJ posed the following hypothetical to the

vocational expert:

> consider a hypothetical individual . . . who's capable of performing
> light exertional level work.  There are restrictions.  Those restrictions
> include this individual could only frequently use bilateral foot controls,
> could frequently climb ramps and stairs, never ladders and scaffolds,
> could frequently balance and stoop, occasionally kneel, crouch, and
> crawl, should never be exposed to unprotected heights.

R. 59−60.  The ALJ asked whether this individual could perform the work Colley

did in the past, and the VE responded, "No." R. 60.  The ALJ then asked whether

this hypothetical individual could perform any work at all in the national economy.

R. 60.  The VE determined that this individual could find jobs classified as light

work.[2] R. 60.  For example, the individual could work as a storage facility rental

clerk, a sales attendant, or an automatic car wash attendant. R. 60.

The ALJ then asked whether the hypothetical individual could find work in

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying
of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in
this category when it requires a good deal of walking or standing, or when it involves sitting most
of the time with some pushing and pulling of arm or leg controls.  To be considered capable of
performing a full or wide range of light work, you must have the ability to do substantially all of
these activities.  If someone can do light work, we determine that he or she can also do sedentary
work, unless there are additional limiting factors such as loss of dexterity or inability to sit for long
periods of time." 20 C.F.R. § 404.1567(b).

the national economy if he had the additional limitations:

> this individual could only occasionally climb ramps and stairs and additionally would also require a sit/stand option with the retained ability to stay on or at a work station and no less than 30-minute increments each without significant reduction of remaining on task. The individual would also be able to ambulate short distances up to 100 yards per instance on flat, hard surfaces.

R. 61. The VE determined that this individual could work as a storage facility rental clerk, a ticket seller, and a parking lot cashier. R. 61−62.

The ALJ then asked the VE to consider a third hypothetical. "[L]et's just look at sedentary exertional level work[3] with all of the restrictions from hypotheticals one and two. Please obviously take out that sit/stand option as well as the ambulation restriction." R. 63. The VE determined that this hypothetical individual could not perform Colley's past work. R. 63. The ALJ did not ask whether any other jobs exist that this individual could perform. R. 63.

The ALJ issued his decision on December 5, 2017. R. 13. Under step one of the five-step evaluation process, the ALJ found that Colley has not engaged in substantial gainful activity since July 1, 2014. R. 18. The ALJ concluded that Colley suffers from the following severe impairments: status post closed fracture of the right tibia, hepatitis C, cirrhosis, and generalized osteoarthritis under 20 C.F.R.

---

[3] Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

§ 404.1520(c). R. 18. The ALJ noted that these impairments significantly limit Colley's ability to perform basic work activities. R. 18. The ALJ determined that Colley also suffered from the non-severe impairments of hypertension and psoriasis. R. 18. But the ALJ concluded at step three of the analysis that Colley's impairments did not satisfy or medically equal the severity of one of those listed in the applicable regulations. R. 19. With respect to Colley's arthritis, the ALJ concluded that "there is no evidence to show that he has joint problems of such severity as to interfere with his ability to ambulate independently and effectively." R. 19. The ALJ also found "no evidence of non-union, delayed healing, or other complications relating to [Colley's tibia-fibula] fractures." R. 19.

At step four, the ALJ determined that Colley is unable to perform any past relevant work. R. 21. At step five, the ALJ found that Colley has the residual functional capacity ("RFC") to perform a limited range of light exertional work. R. 19. Ultimately, the ALJ determined that considering Colley's age, education, work experience, and RFC, there are jobs that Colley can perform that exist in significant numbers in the national economy. R. 22. Therefore, the ALJ concluded that Colley was not disabled within the meaning of the Social Security Act from July 1, 2014 through June 30, 2016. R. 23. Based on these findings, the ALJ denied Colley's claims. R. 13. In making this determination, the ALJ did not articulate whether he credited Colley's statements concerning the intensity, persistence, and

limiting effects of the pain in his knees and back.

## IV. DISCUSSION

Colley presents one issue on appeal: whether the ALJ properly evaluated the credibility of Colley's allegations consistent with the Eleventh Circuit pain standard. Doc. 11 at 5.

Colley asserts that the ALJ erred in assessing the credibility of his pain allegations. Doc. 11. "The ALJ must make credibility determinations regarding a claimant's claims of pain." *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 833 (11th Cir. 2006). When determining the credibility of a claimant's testimony as to his symptoms, the ALJ must follow a two-step process: "(1) first determine if the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; and, if so (2) evaluate the intensity and persistence of the claimant's symptoms such as pain and determine the extent to which the claimant's symptoms limit his or her ability to perform work-related activities." *Cooley v. Comm'r of Soc. Sec.*, 2019 WL 211437, at *2 (M.D. Fla. Jan. 16, 2019). "In considering the intensity, persistence, and limiting effects of the claimant's symptoms, the ALJ is to examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case

record." *Id.* at *3 (internal citation and quotation omitted).

Additionally, the Social Security Regulations provide that a claimant's subjective complaints of pain cannot alone establish disability. Rather, the regulations describe additional objective evidence that permits a finding of disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529. Interpreting these regulations, the Eleventh Circuit has articulated a "pain standard" that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. When establishing disability in this manner, a claimant must satisfy two parts of the Eleventh Circuit's three-part pain standard: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

A claimant's testimony that is supported by medical evidence and satisfies the pain standard "is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). But an ALJ is free to discredit a claimant's testimony. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005); *Crow v. Colvin*, 36 F. Supp. 3d 1255, 1259 (N.D. Ala. 2014) ("Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony."). "If the

ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.2d at 1255. "The ALJ is not required explicitly to conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court." *Carrell v. Berryhill*, 2019 WL 1696698, at *4 (N.D. Ala. Apr. 17, 2019). Otherwise, the testimony will be accepted as true. *Id.* The pain standard requires that the articulated reasons be supported by substantial evidence. *Hale*, 831 F.2d at 1012 ("Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.").

Here, the ALJ did not make any findings about Colley's pain allegations. The ALJ did not state whether he was discrediting or crediting Colley's subjective complaints about pain. Even if the court were to infer that the ALJ discredited the subjective testimony, the ALJ cannot be said to have articulated explicit and adequate reasons for doing so. Accordingly, the court must remand the case to the ALJ for proper application of the pain standard.

In a similar case, *Holt v. Sullivan*, 921 F.2d 1221, 1224 (11th Cir. 1991), the Eleventh Circuit remanded a claimant's case to the ALJ because the ALJ did not make findings about whether the claimant's subjective testimony satisfied the pain standard. The claimant had applied for disability due to obesity and hypertension. *Id.* at 1222. At the administrative hearing before the ALJ, she testified that she was

unable to stand for more than one hour and walk more than one block. *Id.* She also

testified that she experienced discomfort when sitting for an extended period of time.

*Id.* The ALJ determined that the claimant's physical condition did not prevent her

from sedentary work. *Id.* However, the ALJ did not discuss the claimant's subjective

complaints of pain.

> Neither did the ALJ make findings on whether Holt's claims of pain
> and other subjective symptoms satisfied the second or third prongs of
> the pain standard. The findings contain no indication that he considered
> whether Holt's claims were either confirmed by objective medical
> evidence or could reasonably have been expected to give rise to the pain
> alleged. In short, the ALJ did not apply the pain standard as is required
> by law.

*Id.* at 1223. The Eleventh Circuit explained that it was within the ALJ's discretion

to reject the claimant's pain testimony, "[b]ut the ALJ's discretionary power to

determine the credibility of testimony is limited by his obligation to place on the

record explicit and adequate reasons for rejecting that testimony." *Id.* "[B]ecause

the ALJ's findings [did] not set out whether or for what reason he discredited [the

claimant's] testimony," the Eleventh Circuit concluded that the testimony must be

accepted as true. *Id.* at 1223–24. The Eleventh Circuit instructed the ALJ to

determine on remand whether, accepting the claimant's testimony as true, she

presented evidence to satisfy the pain standard. *Id.* at 1224. And the court further

ordered the ALJ to "set out on the record his reasons for that conclusion." *Id.*

   *Presley v. Social Security Administration, Commissioner*, 2018 WL 447421

(N.D. Ala. Jan. 17, 2018), also is instructive. The *Presley* claimant alleged that chronic back pain prevented him from working. *Id.* at *1. The ALJ found that the claimant suffered from the severe impairments of osteoarthrosis, allied disorders, and spine disorder. *Id.* at *3. But the ALJ determined that none of these impairments satisfied a listing because there was no evidence that the claimant ambulated ineffectively, struggled to perform fine and gross movement, or suffered from nerve root compression. *Id.* "Beyond a bare recitation of the potentially applicable listings, however, the ALJ failed to explain *why* Presley's impairment did not meet these criteria." *Id.* The district court found that "the ALJ's decision contains no indication that he applied [the Eleventh Circuit pain] standard as required by law." *Id.* The court concluded that "the ALJ's failure to apply the pain standard, along with his inappropriate consideration of [the claimant's] lack of efforts to seek free or subsidized care, are grounds for reversal." *Id.* at *4. And the court reiterated that the "[f]ailure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Id.* at *3.

Similarly, in *Lockhart v. Colvin*, 2015 WL 1475533 (M.D. Ala. Mar. 31, 2015), the Appeals Council had reversed an ALJ's decision awarding disability benefits. The ALJ found that the claimant was disabled due to a combination of physical problems. *Id.* at *1. After the Appeals Council reversed that decision, the

claimant appealed and asserted that the Council did not properly apply the pain standard. *Id.* at *5. The *Lockhart* court agreed, finding no discussion by the Appeals Council of the claimant's credibility. *Id.* The court noted that it had "carefully reviewed the opinion of the Appeals Council and observes that the pain standard is not discussed in the opinion." *Id.* Accordingly, the court "remanded for further consideration of [the claimant's] testimony of pain and application of the pain standard." *Id.*

This court is faced with the same scenario. The ALJ either disregarded or misapplied the pain standard. As in the cases discussed above, the ALJ did not make any findings about whether Colley's subjective testimony satisfied the pain standard. The record does not reflect whether the ALJ even considered the pain standard or Colley's complaints in any way. Instead, in a conclusory fashion, the ALJ stated that none of Colley's impairments satisfied a listing because there is no evidence to show that Colley has joint problems interfering with his ability to ambulate; no evidence to suggest non-union, delayed healing, or other complications regarding his tibia-fibula fractures; and no evidence that Colley developed any serious complications of liver disease. R. 19. These findings are inconsistent with Colley's testimony that he experiences constant, dull pain in his knees, sharp pain if he steps wrong, and pain that radiates from his knees through his back and neck. R. 48–49.

The ALJ was free to discredit this testimony, but he must articulate reasons

for doing so. *See Wilson*, 284 F.3d at 1255 ("Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true."). After carefully reviewing the ALJ's opinion, the court cannot ascertain whether the ALJ intended to credit or discredit Colley's testimony. There is no mention of Colley's subjective complaints about pain. There is no discussion of whether Colley's hearing testimony satisfied the pain standard. The court could perhaps infer that the ALJ meant to discredit the pain testimony since he ultimately found Colley able to work, noted that Colley was laid off on the disability onset date, and repeatedly emphasized lack of treatment (despite Colley's testimony that he lost his insurance). R. 20–21. However, this court cannot affirm an ALJ's decision simply because some rationale might have supported it. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion."). The ALJ is obligated to place on the record explicit and adequate reasons for rejecting a claimant's testimony. *Holt*, 921 F.2d at 1223. The ALJ here failed not only to articulate explicit and adequate reasons for rejecting Colley's pain testimony, but even to announce whether he was rejecting or accepting that testimony. The ALJ's reasons for his findings are not clear enough as to be obvious to this court. *See Carrell*, 2019 WL 1696698, at *4. Accordingly, this action is due

to be reversed so that the ALJ can apply the proper Eleventh Circuit pain standard and place on the record the basis for his findings.

## V. CONCLUSION

For these reasons, the court concludes that the Commissioner's decision is not founded upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this matter is REMANDED to the Administrative Law Judge for the purpose of issuing a new disability determination consistent with this opinion.

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), Plaintiff's attorney is granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until 30 days after receipt of a notice to award benefits from the Social Security Administration. This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.

A final judgment will be entered separately.

DONE and ORDERED on January 31, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE